UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| Pamela and James Sills, | : |
| Plaintiffs, | : Civil Action No.: 1:12-cv-02923 |
| v. | : |
| Account Control Technology, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiffs, Pamela and James Sills, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Pamela and James Sills ("Plaintiffs"), are adult individuals residing in Corriganville, Maryland, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Account Control Technology, Inc. ("ACT"), is a California business

entity with an address of 6918 Owensmouth Avenue, Canoga Park, California  91303, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by ACT and whose identities are currently unknown to the Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. ACT at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff Pamela Sills incurred a financial obligation in the approximate amount of $990.23 (the "Debt") to Sallie Mae (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to ACT for collection, or ACT was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. ACT Engages in Harassment and Abusive Tactics

12. Within the last year, ACT contacted Plaintiffs in an attempt to collect the Debt.

13. Plaintiffs received a letter from ACT dated August 1, 2012, stating that Sallie Mae authorized ACT to settle the Debt for $790.00.

14. Plaintiffs immediately sent ACT a check in the requested amount in an attempt to settle the Debt. The check was received by ACT on August 3 and cashed on August 8, 2012.

15. Thereafter, ACT started calling Plaintiffs' residential line approximately twice a

week in an attempt to collect the remaining $200.00.

16.     On several occasions, Plaintiffs informed ACT that the Debt has been settled and directed ACT to cease placing calls to them.

17.     ACT claimed that it was still waiting for Sallie Mae to accept the settlement, even though the letter previously sent to Plaintiffs dated August 1, 2012 stated that Sallie Mae had authorized ACT to settle the Debt.

18.     During several conversations with Pamela Sills, ACT used loud and aggressive tone and terminated the call while Mrs. Sills was in the mid-sentence requesting to be transferred to a supervisor.

**C.  Plaintiffs Suffered Actual Damages**

19.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, fear, frustration and embarrassment.

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

22.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in

connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs; and
5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 2, 2012

                              Respectfully submitted,

                              By   */s/ Sergei Lemberg*
                              Sergei Lemberg, Esq.
                              LEMBERG & ASSOCIATES L.L.C.
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile:  (203) 653-3424
                              ATTORNEYS FOR PLAINTIFFS